**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** |
| v. | |
| **KYLE BLANCO,** | **VIOLATIONS:** |
| Defendant. | 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Possession of Child Pornography) |
| | 22 D.C. Code §§ 3531(b)(1) and (f)(1) (Voyeurism) |

## INFORMATION

The United States Attorney charges that:

## COUNT ONE

On or about and between April 10, 2013 and April 5, 2022, in the District of Columbia and elsewhere, the defendant, **KYLE BLANCO**, did knowingly possess 1 or more images and video files, which contain any visual depiction that has been mailed or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, by any means including by computer and the internet, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, and the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct, and such visual depiction is of such conduct.

**(Possession of Child Pornography**, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2)**)**

## COUNT TWO

On or about and between March 15, 2022 and March 30, 2022, in the District of Columbia, the defendant, **KYLE BLANCO**, did unlawfully occupy a hidden observation post or install or maintain an electronic device for the purpose of secretly or surreptitiously observing Victim 1, Victim 2, and Victim 3, who were using a bathroom or rest room.

**(Voyeurism**, in violation of Title 22, District of Columbia Code, Sections 3531(b)(1), (f)(1)**)**

## FORFEITURE ALLEGATION

Upon conviction of the offense charged in Count One of the Information, the defendant shall, pursuant to 18 U.S.C. § 2253, forfeit to the United States the following:

i. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

ii. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

iii. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including, but not limited to the items seized from the defendant's person or residence on April 5, 2022.

If any of the property described in the paragraphs above as being forfeitable pursuant to 18 U.S.C. § 2253, as a result of any act or omission of the defendant --

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred to, sold to, or deposited with a third party;

    c.   has been placed beyond the jurisdiction of this Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

the United States of America, pursuant to 21 U.S.C. § 853(p), intends to seek forfeiture of all other property of the defendant up to the value of the above-described forfeitable property.

MATTHEW D. GRAVES
United States Attorney

*Amy E. Larson*
_____
Amy E. Larson
Assistant United States Attorney
New York Bar No. 4108221
U.S. Attorney's Office
601 D Street, N.W.,
Washington, D.C. 20530
202-252-7863
Amy.larson2@usdoj.gov